Gustavo Magaña (SBN 305970)
The Law Office of Gustavo Magaña
4701 Patrick Henry Dr. Bldg 16 Suite 15F
Santa Clara, CA 95054
T: (408) 430-0411
F: (800) 650-9326
E: Gmaganaesq@gmail.com

Attorney for Plaintiff

Emelder Price

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(San Francisco Division)

| | |
|---|---|
| Emelder Price,<br><br>                    Plaintiff,<br><br>         v.<br><br>Redwood City, Aziz Obaidi, in his individual and official capacity, and DOES 1-10, inclusive,<br><br>                    Defendants. | Case No.<br><br>COMPLAINT FOR VIOLATION OF CIVIL RIGHTS<br><br>JURY TRIAL DEMANDED |

## NATURE OF THE ACTION/STATEMENT OF FACTS

1. This case arises from the Redwood City Police Department's excessive force and unlawful arrest of Emelder Price on April 14, 2025, approximately at 10 am.

2. On this date, Ms. Price was leaving a hotel room located at 526 El Camino Real Redwood City, CA 94063. No one was in Ms. Price's room when she left.

3. While walking to her vehicle, Ms. Price noted that there was some police activity and a man on a stretcher.

4. Ms. Price continued to her vehicle and was going to wait until the police cleared the exit area, which they had blocked.

5. However, Officer Aziz Obaidi aggressively approached Ms. Price's vehicle.

6. After her door was opened, Officer Obaidi violently yanked Ms. Price out of her car by her left arm.

7. Ms. Price felt significant pain and fear while being aggressively jerked out of her car.

8. Officer Obaidi strangely accused Ms. Price of knowing who had been involved in the altercation with the man on the stretcher.

9. Ms. Price was shocked, confused, and unsure why they thought she knew the involved parties. All she understood was that she had been attacked, physically hurt, and now apparently under arrest.

10. Ms. Price attempted to explain that she didn't know the involved parties and that they could search the hotel room she had left.

11. Further, Officer Obaidi's aggressive actions caused Ms. Price's shirt to come up and expose her bare breasts to several people in public view. Ms. Price was mortified and shocked

that they allowed that to happen, and they did not help her, either by allowing her to pull down her shirt or pulling it down for a prolonged period.

12.   Thereafter, Officer Obaidi and a DOE officer handcuffed Ms. Price and placed her in the police car.

13.   Ms. Price was arrested, transported, and cited on the charge of being drunk in public.

14.   Ms. Price spent the entire day in custody, missed work, and was unable to pick up her child.

15.   Ms. Price was not drunk in public at the time of the arrest.

16.   Officer Obaidi nor any other officer performed a breathalyzer or blood draw.

17.   Immediately before and at the time of the attack and unlawful stop, Ms. Obaidi was not committing any crimes or traffic violations.

18.   Further, at no time was Ms. Price a threat to herself, Officer Obaidi, or any other Officer.

19.   Ms. Price did not resist, flee, or attempt to fight any Officer at the scene.

20.   The District Attorney declined to press charges against Ms. Price

21.   As a result of the unlawful arrest and excessive force, Ms. Price suffered from physical pain and emotional distress.

**JURISDICTION**

22.   The claims alleged herein arise pursuant to 42 U.S.C. § 1983 and the Fourth Amendment to the United States Constitution.

23.   The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

**VENUE**

24.    Venue is proper in the Northern District of California under 28 U.S.C. § 1391(b)(2) because the unlawful acts, practices, and omissions giving rise to Plaintiff's claims occurred in the County of San Mateo, which is within this judicial district.

25.    Ms. Price timely filed an administrative tort claim with Redwood City. Subsequently, Redwood City rejected his claim. Ms. Price has exhausted all available administrative remedies. Cal. Gov't. Code §§ 913, 945.6(a)(1).

**PARTIES**

26.    Ms. Price is a resident of Redwood City, CA.

27.    Defendant Redwood City (hereinafter "CITY") is a political subdivision organized under the laws of California and a proper defendant in this action as to Ms. Price's claims made pursuant to the California Tort Claims Act, Cal. Gov't Code §§ 810-996. Defendant CITY was at all relevant times the employer of Defendant Aziz Obaidi. In addition, the Redwood City Police Department is a department of the Defendant CITY.

28.    At all times mentioned herein, Defendant Aziz Obaidi was employed as an officer for Defendant CITY.  Defendant Obaidi is sued individually and as a police officer for Defendant CITY.  By engaging in the conduct described below, Defendant Obaidi acted under the color of law and in the course and scope of his employment for Defendant CITY.  By engaging in the conduct described here, Defendant Obaidi exceeded the authority vested in him as an officer under the United States Constitution and as an employee of the CITY.

29.    Defendant CITY is liable for Plaintiff's injuries under California law and under the doctrine of respondeat superior. Liability under California law for public entities and public employees is based upon California Government Code §§815.2, 820, and 820.8.

## DAMAGES

30.    As a proximate result of the Defendants' conduct, Ms. Price suffered pain and physical injuries, including but not limited to body and arm pain.

31.    As a further proximate result of the Defendants' conduct, Ms. Price suffered emotional distress, humiliation, embarrassment, and loss of her sense of security, dignity, and pride.

32.    The conduct of the individual Defendant Obaidi was malicious, sadistic, wanton, and oppressive.  Ms. Price is, therefore, entitled to an award of punitive damages against the Defendants.

## CLAIMS FOR RELIEF

### First Cause of Action

**Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)**

**By Plaintiff against Defendants Aziz Obaidi , and DOES 1-10**

33.    The foregoing allegations are realleged and incorporated herein.

34.    Defendants Obaidi's unreasonable use of excessive force deprived Ms. Price of her right to be secure in her person and property against unreasonable searches and seizures as guaranteed to Plaintiff under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

35.    As a result, Plaintiff suffered physical pain and emotional distress.

36.    Defendant Obaidi is liable for Ms. Price's injuries because he was an integral participant in the excessive force.

37.    The use of excessive force was unreasonable under the circumstances. Specifically, because Ms. Price did not pose an immediate threat to any officer, she was yanked violently out of her vehicle before being aggressively handcuffed in a manner that caused pain. The Defendant's actions deprived Ms. Price of her right to be free from unreasonable searches and seizures under the Fourth Amendment, which is applied to state actors by the Fourteenth Amendment.

38.    The conduct of Defendant Obaidi was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and, therefore, warrants the imposition of exemplary and punitive damages as to Defendant Obaidi.

39.    Plaintiff also seeks attorney fees under this claim.

## Second Cause of Action

Fourth Amendment (42 U.S.C. §1983)

Against Defendant Aziz Obaidi and DOES 1-10

40.    The foregoing allegations are realleged and incorporated herein.

41.    Defendant Obaidi caused Plaintiff to be detained as he attempted to arrest Ms. Price in violation of her right to be secure in her person against unreasonable searches and seizures as guaranteed to Ms. Price under the Fourth Amendment of the United States Constitution and applied to state actors by the Fourteenth Amendment.

42. Plaintiff was unlawfully detained for a prolonged period by Defendant Obaidi.

6
COMPLAINT

43.     The conduct of Defendant Obaidi was wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and thus warrants the imposition of exemplary and punitive damages as to Defendant Obaidi.

44.     Accordingly, Defendant Obaidi is liable to Plaintiff for compensatory and punitive damages under 42 U.S.C. §1983.

45.     Plaintiff also seeks attorney fees under this claim.

**Third Cause of Action**

**Bane Act (Cal Civ. Code §52.1)**

**(California Tort Claims Act, Cal. Gov't Code §§815.2, 820)**

**(Against Defendants City, Aziz Obaidi, Does 1-10)**

46.     The foregoing allegations are realleged and incorporated herein.

47.     Defendant City, through Defendant Obaidi and his DOE partner, intentionally interfered with Ms. Price's exercise and enjoyment of her civil rights under the United States and California Constitutions.

48.     Defendants intentionally interfered with and showed a reckless disregard for Ms. Price's rights under the Fourth Amendment to be secure in her person. Defendant used threats and coercion to prevent Ms. Price from insisting on her rights. They ultimately used excessive force in retaliation against her for invoking his rights.

49. Further, Defendant Obaidi was angered and frustrated that Ms. Price asserted her rights and attempted to understand why she was attacked and arrested. Ms. Price explained she had nothing to do with the altercation the police were asking about and did not know the involved parties either. Officer Obaidi ignored Ms. Price's explanation and became angry because she

7
COMPLAINT

hadn't answered as they had demanded, using force and aggression in the hopes of eliciting some unknown response.

50. Defendants intentionally interfered with and showed a reckless disregard for Ms. Price's right to be free of excessive force under the Fourth Amendment. Defendants used violence and acted violently with Ms. Price to prevent her from exercising and enjoying her civil rights. They subjected her to an unreasonable and prolonged use of excessive force to retaliate against her for invoking that right.

51. Defendants knew, visibly saw, and understood that Ms. Price was not a threat or a danger to anyone and that she had not committed any crimes. Yet Defendant Obaidi continued to use excessive force.

52.  As a direct and proximate result of each and every Defendant's violation of California Civil Code §52.1 and the Plaintiff's rights under the United States Constitution and the laws of the Constitution of the State of California, Plaintiff was harmed.  Plaintiff sustained injuries and damages, and the Defendant's conduct was a substantial factor in causing Plaintiff's harm. Additionally, against Defendant, Plaintiff is entitled to relief as set forth above at paragraphs contained herein, including punitive damages against the Defendant in their individual capacity, including all damages and penalties allowed by California Civil Code §§52, 52.1, and California law, including costs, attorneys fees, civil penalties, and punitive damages. Further, Defendant's violations of Plaintiff's rights as guaranteed by the California Civil Code (§52.1) entitle Plaintiff to compensatory and punitive damages, treble damages, as well as attorneys fees, all of which are provided for in the California Civil Code §§52, et seq., and are requested herein.

53. Since the conduct of Defendant Obaidi, and DOES 1-10, inclusive, occurred in the course and scope of their employment, Defendant CITY is therefore liable to Plaintiff pursuant to respondeat superior.

### Fourth Cause of Action

### Negligence (Cal. Govt. Code § 820 and California Common Law)

### (By Plaintiff Against all Defendants)

54. The foregoing allegations are realleged and incorporated herein.

55. The actions and inactions of the Defendants were negligent, including but not limited to:

(a) The failure to properly and adequately train employees, including Defendant Obaidi, with regard to the use of force during arrests;

(b) the failure to properly and adequately assess the need to detain, arrest, and the use of force;

(c) the negligent tactics and handling of the situation with Ms. Price, including pre-excessive force negligence;

(d) the negligent detention, arrest, and the use of force, including excessive force, against Ms. Price;

56. As a direct and proximate result of Defendants' conduct as alleged above and other undiscovered negligent conduct, Ms. Price was forced to suffer severe pain and suffering and ultimately required medical attention. Also, as a direct and proximate result of the Defendant Obaidi's conduct as alleged above, Plaintiff suffered emotional distress and physical injury.

57. Defendant CITY is vicariously liable for the wrongful acts of Defendant Obaidi pursuant to section 815.2 of the California Government Code, which provides that a public entity is

liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

### Fifth Cause of Action

### Battery (Cal. Govt. Code §820 and California Common Law)

### By Plaintiff against Defendant CITY and Defendant Aziz Obaidi and Does 1-10

58. The foregoing allegations are realleged and incorporated herein.

59. Defendant Obaidi, while working as an officer for the Redwood City Police Department and acting within the course and scope of their duties, used excessive force on Plaintiff. Specifically, Officer Obaidi aggressively yanked Ms. Price out of her vehicle by her left arm and handcuffed her. Defendant Obaidi's violent tactics also caused Ms. Price's shirt to come up and expose her bare breasts to all in public view. Defendant Obaidi's DOE partner assisted in aggressively detaining and handcuffing Ms. Price. Defendant Obaidi and his DOE partner used excessive force and caused Ms. Price to suffer physical pain and emotional distress. Defendant Obaidi intentionally failed to use restraint, stop contorting Ms. Price's body with such force, or check on Plaintiff's safety, as a result of the actions of Defendant Obaidi. The Plaintiff suffered severe pain and suffering, and emotional distress. Defendant Obaidi had no legal justification for using force against Plaintiff and said Defendant's use of force while carrying out their duties as a Redwood City Police Officer was an excessive and unreasonable use of force, particularly because Plaintiff was unarmed and did not pose an immediate threat to the life of any individual, including any officer.

60. As a direct and proximate result of the conduct of Defendant Obaidi and his DOE partner, as alleged above, Plaintiff suffered emotional distress and physical pain.

61. Defendant CITY is vicariously liable for the wrongful acts of Defendant Obaidi and his DOE partner under section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject them to liability.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

1.) Award Plaintiff general, special, and compensatory damages in an amount to be proven at trial.

2.) Award Plaintiff punitive damages against individually named Defendant for their extreme, outrageous conduct in complete disregard for the rights of the Plaintiff.

3.) For actual damages, civil penalties, and attorney's fees under CA Civil Code §§52.1

4.) Award Plaintiff statutory damages and/or attorney's fees against all Defendants as allowed by 42. U.S.C. §1988.

5.) Grant Plaintiff such other and further relief as the Court deems just and proper.

Dated: 6/27/25                                    Law Office of Gustavo Magaña

                                                         __/s/ Gustavo Magaña____
                                                          Attorney for Plaintiff

JURY DEMAND: Plaintiff demands a trial by jury in this matter, pursuant to FRCP 38(a).

                                                    Law Office of Gustavo Magaña

Dated: 6/27/25                                      _/s/ Gustavo Magaña____
                                                       Attorney for Plaintiff